IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sherry Wilson, | ) | C/A No. 3:12-1750-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Labor Licensing | ) | |
| and Regulation, Catherine Templeton, Samuel | ) | |
| Wilkins, William "Ron" Cook, Charles Ido, | ) | |
| and Holbrook "Rion" Alvey in their official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Sherry Wilson ("Wilson"), filed this action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; 42 U.S.C. § 1983; and 42 U.S.C. § 1985; as well as a state law claim of civil conspiracy. The crux of Wilson's Complaint is that the defendants unlawfully forced her, an African-American female, to accept a demotion and subjected her to a racially hostile environment.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Catherine Templeton's ("Templeton's") motion to dismiss (ECF No. 22). The plaintiff filed a response in opposition (ECF No. 30), which she later supplemented. (ECF No. 43.) Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Templeton's motion should be denied.

**DISCUSSION**

A.      **Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Moreover, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).



**B.     Defendant Templeton's Motion to Dismiss**

Defendant Templeton seeks dismissal of Wilson's Fifth Cause of Action, alleging civil conspiracy. Templeton argues that Wilson's Complaint fails to allege facts sufficient to constitute a cause of action. Specifically, Templeton appears to argue that Wilson's grounds for her civil conspiracy claim are repetitive of her other claims and that Wilson has failed to sufficiently plead special damages as required to state a civil conspiracy claim.

Under South Carolina law, "[a] civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff." McMillan v. Oconee Mem'l Hosp., Inc., 626 S.E.2d 884, 886 (S.C. 2006); see also Pye v. Estate of Fox, 633 S.E.2d 505, 511 (S.C. 2006) (listing the three elements of a civil conspiracy). "Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." Pye, 633 S.E.2d at 511. "General damages are inferred by the law itself, as they are the immediate, direct, and proximate result of the act complained of." Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009). On the other hand, special damages "are the natural, but not the necessary or usual, consequence of the defendant's conduct." Id. "If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed." Id.; see also Preferred Sav. Bank, Inc. v. Elkholy, 399 S.E.2d 19, 21 (S.C. Ct. App. 1990) (stating that special damages must "be specifically stated" according to Rule 9(g), SCRCP).

Upon review of the parties' filings and the Complaint in this matter, the court finds that Defendant Templeton is not entitled to dismissal of Wilson's civil conspiracy claim on this basis.



The court finds that her allegations are sufficient to state a plausible claim for civil conspiracy under South Carolina law. See Iqbal, 556 U.S. at 678. Further, Wilson appears to have pled special damages as a result of the conspiracy that are not duplicative of the damages alleged from the other causes of actions. Cf., e.g., Hackworth, 682 S.E.2d at 845-76 (affirming dismissal of the civil conspiracy claim where the plaintiff repeated verbatim the damages alleged in another claim). Therefore, Defendant Templeton's motion to dismiss should be denied.

## RECOMMENDATION

Based the above, the court recommends that Defendant Templeton's motion to dismiss (ECF No. 22) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 6, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).